## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| LARRY WAYNE PARR, ) | Case No. 15-14201 JGR |
| ) | Chapter 7 |
| Debtor. ) | |

_____

### TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTION
_____

Simon E. Rodriguez, chapter 7 trustee, by and through his counsel Sender Wasserman Wadsworth, P.C, for his objection to the Debtor's amended claim of homestead exemption, states as follows:

### Background

1. On February 12, 2001, Larry Wayne Parr (the "Debtor") transferred by General Warranty Deed all of his right, title and interest in approximately 7.75 acres of real property known as 2710 W. Union Avenue, Englewood, Colorado 80110 (the "Union Avenue Property") to the Larry W. Parr Living Trust Dated December 29, 2000 (the "Larry Parr Living Trust"). The Deed was recorded with Arapahoe County Clerk and Recorder on February 14, 2001 at Reception No. B1021176. The Union Avenue Property consists of four separate parcels and includes a house, ten Quonset huts, multiple small warehouses, and multiple storage units.

2. The Debtor has had no ownership interest in the Union Avenue Property since February 2001.

3. When the Debtor transferred the Union Avenue Property to the Larry Parr Living Trust he was the trustee and beneficiary of said trust.

4. The Debtor filed for relief under chapter 11 of the Bankruptcy Code on April 21, 2015 (the "Petition Date"). The case was converted to one under chapter 7 of the Bankruptcy Code on July 21, 2015.

5. Simon E. Rodriguez is the duly-appointed chapter 7 trustee ("Trustee") of the Debtor's bankruptcy estate.

6. In his initial Schedule A filed on May 6, 2015, listed three parcels of commercial property located in Englewood, Colorado. No addresses for the parcels were provided and it is therefore impossible to discern if the property listed in the initial Schedule A is or is not the Union Avenue Property. If the property disclosed was the Union Avenue Property, the disclosure was false because the Debtor was not the owner of the Union Avenue Property when the initial Schedule A

was filed. In any event, it does not appear that a Schedule C was filed on or about May 6, 2015, and therefore no exemption was claimed in the property disclosed in the initial Schedule A.

7. On June 1, 2015, the Debtor filed an amended Schedule A. In his amended Schedule A, the Debtor represented the following with respect to real property: "No Real Property owned personally." On the same date, the Debtor filed a Schedule C and, consistent with his amended Schedule A, did not claim an exemption in any real property.

8. On June 14, 2016, the Trustee filed a motion seeking authority to revoke the Larry Parr Living Trust (the "Revocation Motion"). The Trustee sought such authorization in order to exercise the power to revoke the Larry Parr Living Trust and transfer title to the Union Avenue Property, as well as all other assets in the name of the Larry Parr Living Trust, to the bankruptcy estate and thereafter sell such assets for the benefit of creditors.

9. The Debtor filed a motion seeking an extension of time to object to the Revocation Motion, which extension was granted, but never filed an objection or other response to said Motion.

10. On August 10, 2016, the Court entered an Order granting the Revocation Motion.

11. On October 28, 2016, the Trustee revoked the Larry Parr Living Trust. Notice of the revocation was recorded with the Arapahoe County Clerk and Recorder on October 31, 2016 at Reception No. D6124634.

12. Upon the Trustee's revocation of the Larry Parr Living Trust, ownership of the Union Avenue Property vested in the bankruptcy estate.

13. On December 9, 2016, the Debtor filed amended Schedules A and C. In his amended Schedule A, the Debtor falsely listed the Union Avenue Property as real property owned by the Debtor on the Petition Date.

14. In his amended Schedule C, the Debtor claimed $105,000 of the value of the Union Avenue Property as exempt pursuant to C.R.S. § 38-41-201(1)(b).

Argument

15. It is hornbook law that exemptions are determined as of the date of the filing of a bankruptcy case. *See, e.g. In re Golden*, 528 B.R. 803, 810 (Bankr.D.Colo. 2015) (Tallman, J.) ("It is well established that entitlement to exemptions is determined on the date of bankruptcy").

16. As set forth above, the Debtor was not the owner of the Union Avenue Property on the Petition Date. Indeed, the Debtor has had no ownership interest in said Property since 2001.

17. The Trustee's revocation of the Larry Parry Living Trust was not retroactive. Rather, the revocation was effective on the date the revocation occurred, approximately 18 months after the Petition Date.

18. By its express terms, the Colorado homestead exemption set forth in C.R.S. § 38-41-201 *et seq.* is only available to an "owner" of the property or "an owner's family." As the Debtor accurately represented in his amended Schedule A filed on June 1, 2015, he was not the owner of any real property on the Petition Date (or during the prior *fifteen years*). Accordingly, he cannot claim a homestead exemption in the Union Avenue Property.

19. Moreover, pursuant to 11 U.S.C. § 522(g), a debtor may not exempt property recovered by a trustee pursuant to, among other provisions, 11 U.S.C. § 542, if the debtor voluntarily transferred the property. Here, the Debtor voluntarily transferred the Union Avenue Property in 2001 and the Trustee recovered said Property pursuant to 11 U.S.C. § 542 by revoking the Larry Parr Living Trust. For this additional reason, the homestead exemption is not available to the Debtor.

20. The Trustee therefore objects to the Debtor's amended claim of a homestead exemption in the Union Avenue Property and requests entry of an Order sustaining the objection and denying the exemption.

21. The Trustee reserves the right to supplement or amend the within objection.

WHEREFORE, the Trustee requests an Order of the Court sustaining his objection to the Debtor's claim of a homestead exemption, denying said exemption, and granting such other and further relief as deemed proper.

DATED this 6th day of January, 2017.

        Respectfully submitted,

        SENDER WASSERMAN WADSWORTH, P.C.

        */s/ David V. Wadsworth*
        David V. Wadsworth, #32066
        1660 Lincoln Street, Suite 2200
        Denver, Colorado 80264
        303-296-1999 / 303-296-7600 FAX
        dwadsworth@sww-legal.com
        Attorneys for the Chapter 7 Trustee